UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LARRY TARVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-281-SNLJ |
| | ) | |
| TROY SHELLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Larry Tarver, Jr., an inmate at Pemiscot County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $16.93.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth, Sixth, and Eighth Amendment rights. Prior to this case being filed, on June 22, 2018, an underlying criminal case was filed against plaintiff in Missouri State Court. *See State v. Tarver*, Case No. 18NM-CR00452-01 (34th Judicial Circuit, New Madrid County). Plaintiff has been

---

[1] A review of plaintiff's account indicates an average monthly deposit of $84.67. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.93, which is 20 percent of plaintiff's average monthly deposit.

charged with felony first degree robbery in violation of Missouri Revised Statute § 570.023. The case is pending, and plaintiff's trial is scheduled for May 15, 2019.

**The Complaint**

In this § 1983 case, plaintiff asserts claims for unlawful arrest, unlawful imprisonment and malicious prosecution as a result of his arrest on May 10, 2018. He brings this action against two officers of the New Madrid County Drug Task Force, defendants Troy Shelly and Robert Newton. Plaintiff alleges defendant Shelly was involved in his arrest; plaintiff makes no allegations against defendant Newton.

In the amended complaint, plaintiff alleges defendant Shelly entered plaintiff's mother's home, beat plaintiff, and arrested him in violation of this Fourth Amendment rights. He also states defendant Shelly "failed to perform chain of custody Amendment 8 has been violated. Also Amendment 6 has been violated along with many civil rights such as malicious prosecution."[2] For relief, plaintiff seeks $5 million and to have his criminal charges dismissed.

---

[2] Plaintiff's claim of excessive force during the course of the arrest are conclusory and if reviewed pursuant to 28 U.S.C. § 1915 would not at this time survive initial review under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A plaintiff must demonstrate a plausible claim for relief, which is "more than the mere possibility of misconduct."). The Court notes that an excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Kuha v. City of Minnetonka*, 328 F.3d 427, 434 (8th Cir.2003) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). This test "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable.'" *Graham*, 490 U.S. at 397. "[I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "The nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983).

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for unlawful arrest and imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through trial, criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*,

46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [ECF No. 5]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $16.93 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the proceedings against plaintiff in his criminal case *State v. Tarver*, Case No. 18NM-CR00452-01 (34th Judicial Circuit, New Madrid County).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *See State v. Tarver*, Case No. 18NM-CR00452-01 (34th Judicial Circuit, New Madrid County).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges pending against plaintiff in *State v. Tarver*,

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  *See* 28 U.S.C. § 1915(b)(2).

Case No. 18NM-CR00452-01 (34th Judicial Circuit, New Madrid County). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 19th day of February, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE